HENRY G. MASON and NAT GLUCK, Suing for Themselves as Stockholders, and for the Benefit of All Other Stockholders of Columbia Broadcasting System, Inc., Respondents, v. DORSEY RICHARDSON and Others, Defendants, Impleaded with PAUL W. KESTEN, EDWARD KLAUBER, ISAAC D. LEVY, WILLIAM S. PALEY, MEFFORD R. RUNYON, HERBERT BAYARD SWOPE, COLUMBIA BROADCASTING SYSTEM, INC., Appellants.

First Department, June 27, 1941.

*George Z. Medalie* of counsel [*Godfrey Goldmark, Max Freund* and *Louis W. Bookheim, Jr.*, with him on the brief; *Rosenberg, Goldmark & Colin*, attorneys], for the individual appellants.

*Joseph H. Ream*, for the appellant Columbia Broadcasting System, Inc.

*Bernard Hershkopf* of counsel [*Edward Menden* with him on the brief; *Joel Per* and *Manuel Tancer*, attorneys], for the respondents.

PER CURIAM. In view of all the circumstances in this case, we think that Special Term was warranted in finding that appellant Levy, in his capacity as director of Columbia Broadcasting System, Inc., was approached by Rosen, a business associate, in connection with the suggestion to purchase American Record Corporation. Levy recognized the proffered investment as a business opportunity for his corporation. Therefore, the finding was warranted that he violated his obligation of undivided loyalty in insisting on obtaining personally a share of the venture for his nominees, and in aiding them to receive a profit.

We find, however, that the evidence did not warrant the holding of Special Term that Levy was liable for the return of the profit made by Rosen in the transaction. Rosen was a stranger to Columbia Broadcasting System, and entitled to deal with it at arm's length and to make whatever profit he could lawfully obtain. Levy violated no duty owed to his corporation in transmitting Rosen's demands. Defendant directors, other than Levy, were not guilty of any misconduct. Their actions appear to have been guided by what they determined was the best interest of the corporation in order to close the transaction. In view of Rosen's introduction of the project, and the degree of control that he had over the hiring of Wallerstein, which was essential to the success of the new venture, we find that the corporate directors were justified, as a matter of business judgment, in permitting Rosen to obtain a portion of the stock of American Record Corporation and in voting him a profit on the repurchase of said stock.

Accordingly, in so far as the appellants are concerned, other than appellant Levy, the judgment should be reversed and the complaint dismissed, without costs. As to Levy, the judgment should be modified by reducing the same to the sum of $32,500, with interest and costs, but without costs of their appeals to either party.

The compensation of counsel for plaintiffs should be reduced to $7,500, of which $750 should be paid to the attorneys for plaintiff Gluck, and the balance to the attorneys for the plaintiff Mason.

Present — MARTIN, P. J., TOWNLEY, GLENNON, COHN and CALLAHAN, JJ.

Judgment, in so far as the appellants are concerned, other than the appellant Levy, unanimously reversed, without costs, and the complaint dismissed as to said appellants. As to the appellant Levy, judgment unanimously modified by reducing the same to the sum of $32,500, with interest and costs, but without costs of their appeals to either party. Compensation of counsel for plaintiffs

reduced to $7,500, of which $750 shall be paid to the attorneys for plaintiff Gluck, and the balance to the attorneys for the plaintiff Mason. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.